UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>v.<br><br>GLENN GOTTFRIED,<br><br>               Defendant. | Case No.: 12cr00372 AJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL<br><br>(Doc. No. 44) |

Presently before the Court is Defendant Glenn Gottfried's Motion for a Judgment of Acquittal pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure as to counts 1, 2 and 3 following his conviction of bringing in aliens for financial gain after a jury trial. For the reasons stated herein, the Court GRANTS Defendant's motion.

**I.**

**LEGAL STANDARD**

A. Motion for a Judgment of Acquittal

Rule 29(c)(1) of the Federal Rules of Criminal Procedure provides the following:

(c) After Jury Verdict or Discharge.

(1) *Time for a Motion.* A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) *Ruling on the Motion.* If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) *No Prior Motion Required.* A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

B. Bringing in and Harboring Aliens

8 USC § 1324 (a)(2)(B)(ii):

(2) Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs—

(B) in the case of—

(ii) an offense done for the purpose of commercial advantage or private financial gain

shall be punished as provided by the statute.

C. Counts 1, 2 and 3 of the Indictment

Count 1 of the indictment alleges:

On or about December 7, 2011, within the Southern District of California, defendant GLENN STEVEN GOTTFRIED, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Christian Mendoza-Macias, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

Counts 2 and 3 of the indictment are identical to Count 1, with the exception of the name of the alien involved.

## II.

## BACKGROUND

Defendant was interdicted while within the 12-mile boundary off the coast of California that comprises the territorial seas. Marine Interdiction Agents escorted the defendant to land for inspection. After inspection and the discovery of four illegal immigrants, they placed the defendant under arrest.

On July 12, 2012, a jury found Defendant guilty on all counts of "bringing [aliens] to" the United States for financial gain.

**III.**
**DISCUSSION**

The government alleges that Defendant completed the offense of bringing aliens to the United States (not that Defendant transported or *attempted* to bring aliens to the United States). Thus, the Court must determine what constitutes "bringing [aliens] to" the "United States." Specifically, is bringing to the territorial waters complete, or must the alien be brought to dry land?

**A. Definition of "United States"**

The Court interprets "United States" as defined in Section 101 of the Immigration and Nationality Act, codified 8 U.S.C. § 1101 (a)(38):

> "The term 'United States,' except as otherwise specifically herein provided, when used in the geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, the Virgin Islands of the United States, and the Commonwealth of the Northern Mariana Islands."

Because the offense in this action is a Title 8 offense (under §1324), the Title 8 definition of "United States" is a more precise definition to use than that recommended by the government under Title 18, which includes "all places and waters continental or insular, subject to the jurisdiction of the United States." Indeed, the language of the Title 18 definition indicates that "United States" under 18 U.S.C § 5 ought to be used only "in this title," that is, in relation to Title 18 offenses. Therefore, this Court's interpretation of the term "United States" supports Defendant's "terra firma" argument pursuant to *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). In other words, Defendant must have brought aliens to dry land at or within U.S. borders in order to meet the elements of bringing aliens to the "United States."

**B. Elements of "Bringing to"**

This Court refers to *Lopez* in determining what constitutes "bringing to" in §1324(a)(2). According to the *Lopez* court, "'all of the elements of the 'bringing to' offense are satisfied once the

aliens cross the border." This 9th Circuit precedent plainly shows that physical presence on land is required to complete the offense of bringing aliens to the United States.

While the government cites *United States v. Villanueva* 408 F.3d 193 (5th Cir. 2005) to demonstrate that a court can uphold a §1324(a)(2) conviction when the government has proven that an *attempt* has been made to commit the continuing offense of bringing an alien to the United States, the Court notes that the upheld *Villanueva* conviction was a conviction for *attempt* to bring aliens to the United States, not the completed "bringing to" offense (Def.'s Reply to Pl's Opp'n at 2.) In the instant action, the defendant was not charged with attempt, nor was any jury instruction given or argument made concerning attempt. This court finds that a completed "brings to" offense requires a defendant's physical presence on dry land in the continental United States, or as otherwise provided for in 8 U.S.C. § 1101 (a)(38).

**C. "Entry," "Physical Presence" and Amendments to §1324**

There was some confusion in regards to the role of "entry" in a "brings to" offense. "Entry" simply means physical presence free from official restraint. The government's point about the 1996 Amendment to §1324 that strikes the requirement for "entry" is noted, but the Court finds that this amendment does nothing to weaken the ultimate physical presence requirement for conviction of a completed "brings to" offense. The Amendment in question instructs us that an individual interdicted outside U.S. borders and brought to the border for arrest can still be charged with a §1324 offense. However, the Amendment did not change the fact that physical presence is required for conviction of a completed §1324(a)(2) offense.

The Office of Legal Counsel's quotation of *Yang v. Maugens* 68 F.3d 1540 (3rd Cir. 1995) in their Memorandum to the Department of Justice further supports the primacy placed on "physical presence" in the law. The Memorandum, used to determine the right to a hearing based on mere presence in U.S. waters, states:

> The underscored portion of Section 235 contemplates the situation in which an alien is "brought to the United States after having been interdicted in...United States waters." Id. If an unlanded alien interdicted in United States waters–which would include the inland waters– still must be "brought to" the United States, it plainly follows that Congress did not regard such an alien as already present...in the United States...i.e., taken ashore to U.S. dry land. (Office of Legal Counsel Memo p3)

"Physical presence" is the primary requirement here, of which "entry" is not a foundational component.

**D. "Brings to" is Not "Brings Toward"**

In their opposition to Defendant's motion, the government argues that the continuing nature of a "bringing to" offense means that the government proved their burden by showing that Defendant's actions followed a trajectory toward the aliens' entry into the United States (Pl.'s Opp'n at 7.) However, the government's argument that an "attempt provision" lies at the heart of a completed "bringing to" offense contradicts the form of the statute itself (*Id*. At 3). The statute does not equate 'bringing to' with 'bringing toward;' attempt is listed as a related but separate illegal act. A proven trajectory of action would suffice for attempt, but those are not the charges brought against the Defendant in this action.

Even if this Court were to agree with the government, which it does not, "attempt" should have been addressed in jury instructions, which it was not. While the Court concurs with the government and the Defendant that "brings to" is a continuing offense (that is, it begins outside U.S. borders and ends after the border has been crossed), *Lopez* and the language of the statute demonstrate that the only way to complete a §1324(a)(2) "brings to" offense is "physical presence" in the United States.

**E. 9th Circuit Precedent Demonstrates that the Instant Evidence Supports an "Attempt," Not a Completed 1324(a)(2) Offense.**

Defendant cites *United States v. Zhou Liang* 224 F.3d 1057 (9th Cir. 2000), a §1324(a)(2) case with similar facts to those of the action presently before the Court (Def.'s Reply to Pl.'s Opp'n at 6.) The defendant was convicted on a conditional plea of attempting to smuggle aliens into Guam. The vessel involved was interdicted within less than 12 nautical miles from the coast. 224 F.3d at 1058. The Coast Guard boarded the vessel less than one nautical mile from Guam's shoreline. (*Id*. at 6.) Addressing the charge of attempted alien smuggling, the Court stated "... Zhou stipulated to his guilt of ... attempted alien smuggling ... Since it is undisputed that the offense of alien smuggling was not completed, we are concerned only with whether Zhou's conduct constituted a 'substantial step toward commission of the crime.' *United States v. Buffington* 815 F.2d 1292, 1301 (9th Cir. 1987). 224 F.3d at

1059." This Court construes the last sentence as especially important, and reasons that the Defendant in the instant action was improperly charged with a completed offense when he had not yet reached dry land.

Both 9th Circuit cases and those from other circuits substantiate this Court's inclination to grant a judgment of acquittal. See *United States v. Delgado-Garcia* 374 F.3d 1337 (D.C. Cir. 2004) (charge of attempt to bring to the United States when arrest was on the high seas) and *United States v. Dominguez* 661 F.3d 1051 at 1057, 1065-66 (11th Cir. 2011) (fast boat intercepted ten miles south of Key West; evidence supported conviction for attempted bringing to the United States in violation of 8 U.S.C. 1324 (a)(2) and 18 U.S.C. 2.) (*Id.*)

**F. Standard for Rule 29 Motions**

The standard for whether there is sufficient evidence to overcome a Rule 29 motion is whether, viewing the evidence in a light most favorable to the United States, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *United States v. Gonzalez* 528 F.3d 1207, 1210-11 (9th Cir. 2008). Simply put, in order to complete the §1324(a)(2) offense with which he was charged, the Defendant must have brought aliens to dry land at or within U.S. borders. None of the parties in this action contend that the Defendant did so, nor was there any proof that the Defendant did so. Therefore, any rational trier of fact would be unable to conclude that Defendant had in fact brought the aliens on board his vessel to dry land, thereby completing the offense alleged by the government.

**IV.
CONCLUSION**

Under the controlling precedent in our Circuit, as well as cases cited from other circuits, and because the evidence in this case shows, at best, an attempt to bring (not a completed "bringing to") offense, pursuant to Rule 29(c)(1), Federal Rules of Criminal Procedure, the Court GRANTS a judgment of acquittal on all counts. This order will be stayed until August 13, 2012 at the request of the United States to allow adequate time to determine if they wish to pursue an appeal. In addition, the Court

//

6

12cr00372

//

//

//

conditionally grants the defense oral motion for new trial pursuant to Rule 29(d) so that a full trial on the merits including the proper definition of "bringing to" can be submitted to a jury for adjudication.

IT IS SO ORDERED.

DATED: July 13, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge